# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| North Dakota Farm Bureau, Inc., Galegher Farms, Inc., Brian Gerrits, Breeze Dairy Group, LLC, North Dakota Pork Council, and Bill Price,<br><br>    Plaintiffs,<br><br>  vs.<br><br>Wayne Stenehjem, in his official Capacity as Attorney General of North Dakota,<br><br>    Defendant,<br><br>Farmers' Educational and Cooperative Union of America North Dakota Division, d/b/a North Dakota Farmers Union,<br><br>    Intervenor-Defendant,<br><br>Dakota Resource Council, a North Dakota Nonprofit Corporation,<br><br>    Intervenor-Defendant. | **ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br><br><br>Case No. 1:16-cv-137 |

Before the Court is the Plaintiffs' motion for attorney's fees and costs filed on April 10, 2019. See Doc. No. 134. They seek $250,589.33 in attorney's fees and $435.00 in costs. The Defendant, North Dakota Attorney General Wayne Stenehjem ("State"), filed a response in opposition to the motion on April 24, 2019. See Doc. No. 140. The Plaintiffs filed a reply brief on May 1, 2019. See Doc. No. 143. The State filed a surreply on May 8, 2019. See Doc. No. 146. For the reasons set forth below, the motion is granted.

1

I.  **BACKGROUND**

The Plaintiffs brought this action challenging the constitutionality of Chapter 10-06.1 of the North Dakota Century Code (the "Corporate Farming Law") in June of 2016. The Corporate Farming Law regulates and limits ownership of farm and ranch land in North Dakota. The Plaintiffs specifically challenged N.D.C.C. § 10-06.1-12 (the "family farm exception,") which allows corporate entities to own farmland, but only under certain conditions.

The Plaintiffs sued Attorney General Stenehjem in his official capacity, and two non-profit organizations subsequently joined the litigation as Intervenor-Defendants. The Plaintiffs challenged the constitutionality of the Corporate Farming Law under three constitutional provisions: the Commerce Clause, the Equal Protection Clause, and the Privileges and Immunities Clause. All of the claims were pursued under 42 U.S.C. § 1983.

The litigation proceeded through written discovery and motion practice. On September 21, 2018, the Court granted summary judgment in favor of the Plaintiffs, finding that the family farm exception violates the dormant Commerce Clause. See Doc. No. 119. The Plaintiffs conceded their claims under the Privileges and Immunities Clause should be dismissed. As a remedy, the Court found that the offending language in the family farm exception could be severed, and enjoined the State from enforcing the family farm exception in a manner which limits its application to only North Dakota corporations and limited liability companies.

Following the Court's Order granting summary judgment on the dormant Commerce Clause claim, the parties stipulated to the dismissal of the Equal Protection claim. See Doc. No. 129. The Court entered final judgment on March 20, 2019. See Doc. No. 130. In its final judgment, the Court "permanently enjoined" the State of North Dakota from:

…enforcing or seeking to enforce Section 10-06.1-12 of the North Dakota Century

> Code in a manner which limits its application to only North Dakota corporations and limited liability companies, and must permit corporations and limited liability companies organized under the laws of other states to utilize the family farm exception, so long as they meet the other requirements of the current law which are not the subject of this litigation.

See Doc. No. 119, p. 39. Neither side appealed. Now before the Court is the Plaintiffs' motion for attorney's fees and costs. See Doc. No. 134.

## II.     LEGAL DISCUSSION

The Plaintiffs, as the prevailing party in a lawsuit brought under 42 U.S.C. § 1983, bring this motion to recover attorney's fees and costs from the State under 42 U.S.C. § 1988. The State raises several objections to the motion, each of which the Court will address in turn.

### A.     PREVAILING PARTY

The State contends the Plaintiffs are not a prevailing party despite having obtained a permanent injunction on their dormant Commerce Clause claim prohibiting the enforcement of the family farm exception in a manner which treats out-of-state corporations and limited liability companies differently than North Dakota corporations and limited liability companies. The Court finds the contention unpersuasive.

42 U.S.C. § 1988 permits, but does not require, the award of reasonable attorney's fees to the "prevailing party" in an action to enforce a provision of, inter alia, Section 1983. To qualify as a prevailing party, "a civil rights plaintiff proceeding under § 1983 'must obtain at least some relief on the merits of his claim.'" North Dakota v. Lange, 900 F.3d 565, 567 (8th Cir. 2018) (Colloton, J., concurring) (quoting Farrar v. Hobby, 506 U.S. 103, 111 (1992)). A plaintiff need not prevail on every claim or theory as long as it succeeds on "any significant claim." Texas State Teachers

Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 793 (1989). An injunction typically qualifies as a victory granting prevailing party status to the plaintiff. See Lefemine v. Wideman, 568 U.S. 1, 4 (2012).

In this case, the Court found the family farm exception violated the dormant Commerce Clause. The Plaintiffs obtained a permanent injunction which materially altered the legal relationship between the parties by enjoining the State from enforcing the plain language of the family farm exception. Having obtained a permanent injunction, it is clear that the Plaintiffs are a prevailing party. See Libertarian Party of Ark. v. Martin, 876 F.3d 948, 952 (8th Cir. 2017) (plaintiff was a prevailing party because district court "awarded it declaratory relief and deemed the statutory scheme unconstitutional"); Bishop v. Comm. on Prof'l Ethics & Conduct of the Iowa State Bar Ass'n, 686 F.2d 1278, 1290-91 (8th Cir. 1982) (plaintiff was a prevailing party because it obtained declaratory and injunctive relief, even though the case was later rendered moot); Rogers Group, Inc. v. City of Fayetteville, 683 F.3d 903, 911 (8th Cir. 2012) (finding plaintiff was a prevailing party because it obtained a preliminary injunction which blocked the defendant from enforcing the challenged ordinance and thus altered the relationship between the parties).

The State's suggestion that the Court's ruling is non-binding and non-authoritative and therefore did not alter the legal relationship between the parties is confusing at best. It is well-established that a district court's ruling is not binding on other courts. See Mueller v. Allen, 514 F. Supp. 998, 1000-01 (D. Minn. 1981) (noting that a court "is not irretrievably bound by its own precedents"); Se. Stud & Components, Inc., v. Am. Eagle Design, 588 F.3d 963, 967 (8th Cir. 2009) ("one district court is not bound by the holdings of others, even those within the same district"); Minn. Supply Co. v. Raymond Corp., 472 F.3d 524, 535 (8th Cir. 2006) (finding that when federal courts interpret state law they are bound by the decisions of the state's highest court while state

appellate court decisions offer persuasive authority). That being said, the Court's ruling is binding on the parties to this case and it is their relationship that has been altered. See Fed. R. Civ. P. 65(d)(2)(A); 11A Wright, Miller, & Kane, Federal Practice and Procedure § 2956 (3d ed. 2013). In granting summary judgment in favor of the Plaintiffs, the Court rejected the State's argument that its enforcement practices, which gave the term "domestic" a very broad meaning, would protect the Plaintiffs because that interpretation was contrary to the plain language of the statute. See Doc. No. 119, p. 22. In addition, that policy was subject to change. Thus, there has been a material change in the legal relationship of the parties. The Court finds the Plaintiffs are prevailing parties under 42 U.S.C. §§ 1983 and 1988, and are entitled to an award of reasonable attorney's fees and costs.

### B. SPECIAL CIRCUMSTANCES

A prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968). The "special circumstances" exception is a judicially created exception that should be narrowly construed. Hatfield v. Hayes, 877 F.2d 717, 720 (8th Cir. 1989) (finding no special circumstances existed which would support the denial of reasonable attorney's fees). If attorney's fees under Section 1988 are to be denied a prevailing party, a strong showing of special circumstances which render the award unjust is necessary. Id. at 721. Absent special circumstances, a prevailing party is entitled to attorney's fees under section 1988 "as a matter of course." Id. at 719. Good faith, the lack of a public benefit, the simplicity of the case, and the existence of a litigation fund have all been rejected as special circumstances which would support the denial of attorney's fees under Section 1988. Id. at 720.

The State contends "special circumstances" exist in this case because an award of attorney's fees would punish the State, would not serve the purposes of Section 1988, the Plaintiffs gained nothing in the litigation, the Corporate Farming Law is not enforced in a discriminatory fashion, and the State succeeded in its severance argument. The State's attempt to recast the Court's grant of summary judgment in favor of the Plaintiffs falls flat.

The Court ruled in favor of the Plaintiffs, found the family farm exception violates the dormant Commerce Clause, and granted the Plaintiffs a permanent injunction which binds the parties to this case and their future actions. If the State disagreed with the Court's grant of summary judgment it could have appealed. The State regularly enforces the Corporate Farming Law, and Plaintiffs had a reasonable belief the statute would be enforced against them. See Doc. No. 119, pp. 11 and 13. The award of reasonable attorney's fees does not punish the State. Rather, it compensates the Plaintiffs, who incurred significant fees in this lawsuit. The State's claim that Plaintiffs "gained nothing" is also incorrect. The Court's permanent injunction protects the Plaintiffs and allows them to invest in farming businesses in North Dakota without fear of unconstitutional restrictions on interstate commerce. Courts regularly award attorney's fees against states defending their laws. See North Dakota v. Heydinger, No. 11-cv-3232, 2016 WL 5661926, at *28 (D. Minn. Sept. 29, 2016) (awarding over $1.3 million in attorney's fees to North Dakota and against Minnesota in a case alleging a dormant Commerce Cause violation which resulted in a permanent injunction), aff'd sub nom. North Dakota v. Lange, 900 F.3d 565 (8th Cir. 2018). There are no "special circumstances" present in this case which support the denial of attorney's fees to the prevailing Plaintiffs.

C.      **REASONABLENESS OF THE REQUESTED FEE**

The Plaintiffs seek to recover attorney's fees in the amount of $250,589.33. The State contends the request is unreasonable because the number of hours billed and the hourly rates charged are excessive.

It is well-established that determining the amount of reasonable attorney's fees to award a prevailing plaintiff in civil rights litigation is within the sound discretion of the trial court. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The starting point for a determination of reasonable attorney's fees is a calculation of the "lodestar figure" which is the product of the number of hours reasonably expended times a reasonable hourly rate. Burlington v. Dague, 505 U.S. 557, 559 (1992); Blanchard v. Bergeron, 489 U.S. 87, 94 (1989).

In *Hensley*, the United States Supreme Court defined the role of the lodestar methodology:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . . "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

Hensley, 461 U.S. at 433-34 (internal citations omitted) (emphasis in original).

In *Hensley*, the United States Supreme Court explained that a trial court may consider the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), to adjust the lodestar amount. Id. at 434 n.9. The twelve *Johnson* factors include the

7

following: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Hensley, 461 U.S. at 430 n.3. Trial courts have been instructed to utilize their own knowledge relating to various aspects of the lodestar. "The trial judge should weigh the hours claimed against his knowledge, experience and expertise of the time required to complete similar activities." Gilbert v. City of Little Rock, 867 F.2d 1063, 1066 (8th Cir. 1989).

As a general rule, a reasonable hourly rate is the prevailing market rate, that is, "the ordinary rate for similar work in the community where the case has been litigated." Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir. 2001). The party seeking an award of attorney's fees bears the burden of producing sufficient evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). The district court is in the best position to understand what services are reasonable and what hourly rates are appropriate in the relevant market. Al-Birekdar v. Chrysler Group, LLC, 499 F. App'x 641, 648 (8th Cir. 2013) (holding the district court did not abuse its discretion in reducing the requested hourly rates).

The Plaintiffs seek attorney's fees in the amount of $250,589.33. This represents 842.55 hours of attorney time. See Doc. Nos. 138, ¶ 7 and 139-2, p. 8. It also includes a deduction of $16, 254.50 (6%) for work on issues not raised and an hourly rate adjustment for attorney David Trevor. See Doc. No. 139-3. Hourly rates ranged from $220-$540 per hour. However, David Trevor's $540

hourly rate was reduced to $420 as the Plaintiffs realized $540 per hour was excessive in the North Dakota legal market. The State complains that too many hours were expended and the hourly rates were too high. However, they offer no opinion as to how many hours would have been reasonable or what the going rate for legal work is in North Dakota.

This case involved a successful constitutional challenge to a state law. Such a challenge requires skilled legal counsel. The Plaintiffs seek compensation for 842 hours of legal work. It is undisputed that in other corporate farming law challenges far more hours were expended. In *Jones,* approximately 1,400 hours were expended. While in *Hazeltine,* which involved a trial and an appeal, the plaintiffs' lawyers expended over 2,500 hours. In *Heydinger*, the Court awarded over $1.3 million in attorney's fees to North Dakota and against Minnesota in a case involving a successful dormant Commerce Cause challenge to a Minnesota law. Heydinger, No. 11-cv-3232, 2016 WL 5661926, at *28 (D. Minn. Sept. 29, 2016). The case involved 2,745 hours of work at the district court level and Minnesota hourly rates of $120-$515 per hour. The Eighth Circuit Court of Appeals affirmed the award. North Dakota v. Lange, 900 F.3d 565 (8th Cir. 2018). The 842 hours involved in this case, appear modest when compared to *Jones*, *Hazeltine*, and *Heydinger*.

Counsel for the Plaintiffs submitted 131 pages of invoices to substantiate their work. See Doc. No. 139-1. Much of the work in this case was done by associates who billed at a lower rate than the partners overseeing the matter. The rates charged by Plaintiffs' counsel were agreed to and paid by the North Dakota Farm Bureau throughout the course of the litigation. The Court views this as a strong indication of reasonableness. Based on the Court's 40 years of experience in North Dakota as an attorney in private practice and as a federal judge, hourly rates for associates in the $200-$300 range and $300-$425 range for partners are not unusual or unreasonable. The Court finds the number of hours expended and rates charged were reasonable.

Nevertheless, the Plaintiffs success in this case was limited. The Plaintiffs conceded their claims under the Privileges and Immunities Clause should be dismissed. The parties stipulated to the dismissal of the Plaintiffs' Equal Protection claim. The Plaintiffs sought a declaration that the entirety of Chapter 10-06.1 was unconstitutional and an injunction prohibiting its enforcement. The Court found that the offending language in the family farm exception could be severed, and enjoined the State from enforcing Section 10-06.1-12 in a manner which limits its application to only North Dakota corporations and limited liability companies. In addition, the Court found the operational requirements in Section 10-06.1-12(6) did not violate the dormant Commerce Clause. Thus, the Plaintiffs succeeded in invalidating one section of an entire chapter of the State's Corporate Farming Law. Given the Plaintiff's were partially successful, a reduction of the requested fee is warranted. Jenkins by Jenkins v. Missouri., 127 F.3d 709, 716 (8th Cir. 1997) (noting that if the prevailing party's "success is limited, he is entitled only to an amount of fees that is reasonable in relation to the results obtained").

### III.   CONCLUSION

For the reasons set forth above, the Plaintiffs' motion for attorney's fees (Doc. No. 134) is **GRANTED in part**. In the broad exercise of its discretion, the Court awards the Plaintiff North Dakota Farm Bureau[1] attorney's fees in the amount of $175,000 and costs in the amount of $435. The result is a total judgment of $175,435.00, to be taxed by the Clerk against Defendant Wayne Stenehjem, in his official capacity as Attorney General of North Dakota.

   **IT IS SO ORDERED**.

---

[1] All of the Plaintiffs were prevailing parties. However, the North Dakota Farm Bureau paid all costs and attorney's fees.

Dated this 27th day of August, 2019.

/s/ Daniel L. Hovland  
Daniel L. Hovland, Chief Judge  
United States District Court